

ISSUED TO ATTORNEY
ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

# 3:00CV7365

Sulfur-Tech Water Systems, Inc.,
an Ohio Corporation,
4731 South Avenue
Toledo, OH 43615

    Plaintiff,

    v.

Larry and Sandra Kohlenberg,
d/b/a/ LWC, Ltd.
3337 Butz Road
Maumee, OH 43537

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No.: _____

Honorable **JUDGE JAMES G. CARR**
_____

**COMPLAINT**

Michael S. Scalzo, Esq. (0015856)
Donald A. Schurr, Esq. (0042200)
**MARSHALL & MELHORN**
Four SeaGate
Eighth Floor
Toledo, Ohio 43604
Tel: (419) 249-7100
Fax: (419) 249-7151
Attorneys for Plaintiff

---

Plaintiff, Sulfur-Tech Water Systems, Inc. (Sulfur-Tech), an Ohio Corporation with its principal place of business at 4731 South Avenue, Toledo, Ohio, 43615, by its attorneys complains against Defendants, Larry and Sandra Kohlenberg (Kohlenbergs) d/b/a/ LWC, Ltd. with their principal place of business at 3337 Butz Road, Maumee, OH 43537, and states as follows:

### JURISDICTION AND VENUE

1.    This is an action for infringement of United States Patent No. 5,744,040, which arises under the Patent Laws of the United States, 35 U.S.C. § 271, et seq. This Court has subject matter

1

jurisdiction under 28 U.S.C. § 1331 and 1338.

2.    This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants are residents of this judicial district.  Furthermore, based upon information and belief, Defendants have manufactured and sold, and continue to manufacture and sell, apparatus for removing dissolved hydrogen sulfide from water thereby infringing one or more claims of the '040 Patent in this District.  Venue in this District is proper pursuant to 28 U.S.C. § 1400(b).

3.    On April 28, 1998, United States Patent No. 5,744,040 ("the '040 Patent"), entitled "Apparatus and Method for Removing Dissolved Hydrogen Sulfide from Water" was duly and legally issued to Sulfur-Tech Water Systems, Inc., as assignee to the inventors, Charles Slates, Edrice Bakies, Larry Kohlenberg, and Mark Slates.  The assignment was recorded in the United States Patent and Trademark Office on May 24, 1996 on Reel 8012, Frame 0977.

4.    Sulfur-Tech is the legal and equitable owner of U.S. Patent No. 5,744,040, with the right to bring suits for infringement thereof.

### COUNT I

5.    Sulfur-Tech incorporates, as if fully set forth herein, the averments appearing hereinabove.

6.    Notice of infringement of the '040 Patent was provided by Sulfur-Tech to Defendants on or before June 1, 1998.

7.    Upon information and belief, said infringement by Defendants has been wilful and Defendants will continue to willfully infringe the '040 Patent unless enjoined by this Court.

8.    Defendants' manufacturing and selling of Sulfur Tech's apparatus and method to remove dissolved hydrogen sulfide from water infringes one or more claims of the '040 Patent, causing and continuing to cause, Sulfur-Tech damage and irreparable harm.

2

## COUNT II

9.      Sulfur-Tech incorporates, as if fully set forth herein, the averments appearing hereinabove.

10.     This is also an action for federal unfair competition and arises under § 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

11.     Upon information and belief, Defendants have unfairly competed with Sulfur-Tech by making false and/or misleading descriptions of facts and/or misleading representation of facts which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of a person with another, or as to the origin, sponsorship, or approval of goods, services or commercial activities by another person.

12.     By reason of the unfair competition by Defendants, Sulfur-Tech has suffered and continues to suffer great and irreparable damage.

## COUNT III

13.     Sulfur-Tech incorporates, as if fully set forth herein, the averments appearing hereinabove.

14.     Upon information and belief, Defendants have misrepresented the qualities of their goods and the goods of Sulfur-Tech in commercial advertising or promotion in violation of 15 U.S.C. § 1125(b).

15.     By reason of the misrepresentation, Sulfur-Tech has suffered and continues to suffer great and irreparable damage.

## COUNT IV

16.     Sulfur-Tech incorporates, as if fully set forth herein, the averments appearing hereinabove.

17.     Upon information and belief, Defendants have engaged in deceptive trade practices by causing misunderstanding as to the source of goods, by causing misunderstanding as to affiliation, connection, or association with, or certification by Sulfur-Tech, and/or representing that goods have sponsorship, approval, characteristics, uses, benefits, or qualities that they do not have, and/or

3

representing that goods are a particular standard, quality or grade, or that goods are of a particular style or model, in violation of Ohio Deceptive Trade Practices Act O.R.C. § 4165.02.

18.     By reason of the misrepresentation, Sulfur-Tech has suffered and continues to suffer great and irreparable damage.

## COUNT V

19.     Sulfur-Tech incorporates, as if fully set forth herein, the averments appearing hereinabove.

20.     Defendant Sandra Kohlenberg infringed the '040 Patent by actively and knowingly aiding and abetting Defendant Larry Kohlenberg's direct infringement of the '040 Patent as prohibited by 35 U.S.C. 271(b).

21.     By reason of the infringement of the '040 Patent by Defendant Sandra Kohlenberg, Sulfur-Tech has suffered and continues to suffer great and irreparable damage.

## COUNT VI

22.     Sulfur-Tech incorporates, as if fully set forth herein, the averments appearing hereinabove.

23.     Sulfur-Tech has given Defendants notice of its infringement and, nothwithstanding such notice, Defendants continues to willfully to infringe.  This is therefore an exceptional case within the provisions of 35 U.S.C. § 385.

## PRAYER FOR RELIEF

WHEREFORE, Sulfur-Tech demands:

1.     That the Court enter judgment on this complaint in favor of Sulfur-Tech and against the Defendants for infringement of U.S. Patent No. 5,744,040;

2.     That Sulfur-Tech have an accounting and recovery of damages adequate to compensate Sulfur-Tech for infringement of U.S. Patent No. 5,744,040 by Defendants and an increase of said damages threefold under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest compounded;

4

3.     That Sulfur-Tech have an assessment of its costs, expenses and attorneys' fees against Defendants under 35 U.S.C. § 285, with pre-judgment and post-judgment interest compounded;

4.     That the Court enter a preliminary and permanent injunction against infringement of U.S. Patent No. 5,744,040 by Defendants, its officers, employees, agents, parents, subsidiaries, and all those acting for or in concert with the Defendants;

5.     That the Court enter a preliminary and permanent injunction against further unfair competition, false advertising and deceptive trade practices by Defendants, its officers, employees, agents, parents, subsidiaries, and all those acting for or in concert with the Defendants; and

6.     That Sulfur-Tech have an accounting of all parties to which Defendants sold, licensed, or otherwise made available, a device, or devices, which infringe Sulfur-Tech's U.S. Patent No. 5,744,040.

7.     That Sulfur-Tech have such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Michael S. Scalzo, Esq. (0015856)
Donald A. Schurr, Esq. (0042200)

By _____

Marshall & Melhorn
Four SeaGate, Eighth Floor
Toledo, Ohio 43604
(419) 249-7100

5